IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES HOWLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-cv-2477-L** |
| | § | |
| BANKERS STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Bankers Standard Insurance Company ("Defendant" or "Bankers") Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") (Doc. 9), filed November 20, 2019. After careful consideration of the motion,[1] briefs, pleadings, and applicable law, the court, for the reasons herein stated, **grants** Defendant's Motion (Doc. 9) and **dismisses with prejudice** this action.

**I.    Factual and Procedural Background**

Plaintiff Charles Howley ("Plaintiff" or "Mr. Howley") brought this action in Dallas County Court at Law No. 1 against Defendant for damages stemming from a claim for hail and wind damage to his insured home (the "Property"). Defendant removed this action to federal court on October 18, 2019, asserting that complete diversity of citizenship between the parties exists and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Bankers filed its first Motion to Dismiss (Doc. 5) on October 25, 2019. On November 8, 2019, Mr. Howley, filed his First Amended Complaint ("Amended Complaint") (Doc. 7) against Bankers, which mooted the previous Motion to Dismiss.

---

[1] Plaintiff Charles Howley did not file a response.

**Memorandum Opinion and Order – Page 1**

In Mr. Howley's Amended Complaint, he alleges that Bankers failed to investigate and pay his insurance claim pursuant to Policy No. 268139650 (the "Policy"). Specifically, Mr. Howley asserts several causes of action including: (1) breach of contract under Texas common law; (2) unfair or deceptive acts or trade practices; (3) breach of common law duty of good faith and fair dealing under Texas common law; (4) breach of the Prompt Payment of Claims Act in violation of the Texas Insurance Code; (5) breach of express or implied warranty; and (6) fraud. The claims arise from Mr. Howley's allegations that after he sustained damage to his home from a hail and windstorm in June 2019, he filed a claim with Bankers. Mr. Howley alleges that after the claim was filed, one of Bankers' adjusters closed the claim without conducting a reasonable investigation into whether the damage to the Property was covered under the Policy. Pl.'s Am. Compl. ¶ 11.

Specifically, Mr. Howley alleges that the adjuster, Shawn Lopriore ("Mr. Lopriore"), denied his claim for hail and wind damage to his roof, "including any prospective contractors' overhead and profit." *Id.* ¶ 13. He also alleges that the adjuster handled the claim in a manner that would ultimately result in the "denial or underpayment" of the claim, and that Mr. Lopriore "misrepresented that the damage preexisted the storm." *Id.* ¶¶ 13-14. Further, Mr. Howley alleges that Mr. Lopriore intentionally misrepresented the terms of the Policy to underpay his claim and that Bankers "failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim after liability became reasonably clear." *Id.* ¶¶ 15-17.

On November 20, 2019, Bankers filed its Motion to Dismiss the First Amended Complaint (Doc. 9), asserting that Mr. Howley has failed to state a claim upon which relief can be granted with respect to all six claims. Mr. Howley did not file a response.

## II.     Legal Standard for Motion to Dismiss

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any

documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can

be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Analysis

#### A. Breach of Contract

In his Amended Complaint, Mr. Howley alleges that under the terms of the Policy, Bankers agreed to pay the cost to repair, rebuild, or replace his Property "in the event it was damaged in exchange for [him] paying his premiums." Pl.'s Am. Compl. ¶ 22. He further alleges that Bankers "breached the contract by denying or underpaying the claim." *Id.* ¶ 28. Additionally, Mr. Howley alleges that as a result of Bankers' alleged breach of the insurance contract, he "has incurred damages" and "will continue to incur damages until the claim is paid." *Id.* ¶ 29. Bankers, however, contends that Mr. Howley fails to identify any terms of the contract that Bankers breached by denying or underpaying the claim. Def.'s Br. 7. Additionally, Bankers contends that Mr. Howley's allegations are conclusory and "insufficient to support a finding" that he may recover damages for his breach of contract claim. *Id.*

To prevail on a breach of contract claim and survive a 12(b)(6) motion, Mr. Howley must set forth sufficient allegations to demonstrate the following: "(1) the existence of a valid contract; (2) performance or tendered performance by [him]; (3) breach of the contract by the defendant; and (4) damages sustained by [him] as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex.App.—Houston [1st Dist.] 2001)).

The parties do not dispute that the first two elements for a breach of contract claim have been satisfied. They entered into a valid insurance contract evidenced by the Policy, and Plaintiff performed his duties under the contract by paying his premiums. Thus, the points of contention rest on the third and fourth elements of this cause of action: (1) whether Bankers breached the Policy by denying or underpaying the claim; and (2) whether Mr. Howley sustained any damages as a result.

Accepting the facts alleged by Plaintiff as true, Mr. Howley's scant assertions of Bankers' liability, without more, fail to meet the factual pleading standard to overcome Bankers' Motion to Dismiss. First, Mr. Howley fails to identify which provisions of the contract Defendant allegedly breached that would impose liability against Bankers. He does not reference any specific policy statement, provision of the contract, or any documentation that obligated Bankers to pay his claim. Notably, Mr. Howley alleges that he submitted a valid claim, and Bankers "breached the contract by denying or underpaying the claim." Pl.'s Am. Compl. ¶ 28. This allegation is conclusory and fails to show how denial or underpayment of his claim constitutes a breach of the contract. *Id.* Additionally, it is unclear which action—denial or underpayment—is the basis of the alleged breach. Mr. Howley asserts that his claim was denied or underpaid; however, he has not pleaded sufficient allegations to warrant recovery under either theory, which ultimately fails to allow the court to make "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As Mr. Howley has failed to plead sufficient facts necessary to support his allegations that Bankers breached the contract, the court need not address whether he suffered any damages. The court, therefore, determines that Mr. Howley failed to plead sufficiently an essential element of his breach of contract claim and, thus, it will grant Bankers' Motion to Dismiss.

B.   **Unfair or Deceptive Acts or Trade Practices**

Mr. Howley alleges that during the underwriting and negotiation of his Policy, Bankers made misleading and misrepresentative statements regarding the extent of coverage provided under the Policy. Pl.'s Am. Compl. ¶ 31. He also alleges that during the investigation of his claim, Bankers misrepresented the extent of the damage to his home and made additional misleading statements regarding the scope of his coverage under the Policy. *Id.* ¶¶ 32-33. Additionally, Mr. Howley alleges that Bankers refused to pay his claim without conducting a reasonable investigation, and, as a result, he incurred damages.[2] *Id.* ¶¶ 36-37.

In its Motion to Dismiss, Bankers contends that Mr. Howley has only recited "word for word" the statutory language of Chapter 541 of the Texas Insurance Code without providing any "specific factual averments to give rise to a viable cause of action." Def.'s Br. 9. (citing Pl.'s Am. Compl ¶¶ 31-32). Bankers also contends that Mr. Howley does not allege sufficient facts that would "show when and how liability under the policy was reasonably clear," and thus, this pleading deficiency fails to overcome dismissal under Rule 12(b)(6). *See id.* Further, Bankers contends that Mr. Howley has not alleged sufficient facts to show that its "alleged violations of the Texas Insurance Code" caused him damages. *Id.*

To state a claim under the Texas Deceptive Trade Practices Act ("DTPA") and survive a 12(b)(6) motion, Mr. Howley must allege sufficient facts to demonstrate the following: "(1) [he] is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of [his] damages." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016). Claims under the DTPA are subject to the heightened pleading

---

[2] Plaintiff's Amended Complaint provides no clarity regarding the law under which he brings this claim; however, the court assumes that it is also pursuant to the Texas Deceptive Trade Practices Act.

Memorandum Opinion and Order – Page 7

requirements of Rule 9(b).³ *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citations omitted). Additionally, to be entitled to damages under the Texas DTPA or Chapter 541 of the Texas Insurance Code, Mr. Howley must set forth allegations that Bankers' conduct was "the cause in fact of actual damages." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 702 (5th Cir. 1999).

The court determines that Mr. Howley has failed to state sufficiently a claim under the Texas Insurance Code or the DTPA. Specifically, Plaintiff's Amended Complaint states that Defendant allegedly misrepresented the terms of the Policy and the extent of the damage to the Property, but these allegations are devoid of any specific facts detailing Defendant's alleged misrepresentations. As Bankers correctly observes, Mr. Howley has only recited, word for word, Section 541 of the Texas Insurance Code, which makes the allegations conclusory and lack the necessary sufficiency that would allow the court to reasonably infer that Defendant engaged in acts of deception or misrepresentation.

Moreover, claims arising under the DTPA and the Texas Insurance Code require a heightened pleading standard under Rule 9(b), and Mr. Howley has failed to identify the "who, what, when, where, and how" that would give rise to Bankers' purported violations of the DTPA or the Texas Insurance Code. *Dorsey*, 540 F.3d at 339. Furthermore, Mr. Howley has failed to plead specific facts regarding the damages incurred as a result of Bankers' alleged misrepresentations and, instead, merely states that he incurred "damages." Pl.'s Am. Compl. ¶ 37.

Mr. Howley's account of the alleged misrepresentation or deceptive acts by Bankers is too attenuated, general, and conclusory, and, ultimately, fails to demonstrate that Bankers committed a violation of the DTPA or the Texas Insurance Code. Accordingly, the court determines that Mr.

---

³ In pleading a claim for fraud, Federal Rule of Civil Procedure 9(b) requires allegations constituting such fraud to be pleaded with particularity.

Memorandum Opinion and Order – Page 8

Howley has failed to plead sufficient facts to support his claims for a violation of the DTPA or Texas Insurance Code, and thus, it will grant Defendant's Motion to Dismiss with respect to these claims.

### C. Breach of Common Law Duty of Good Faith and Fair Dealing

Mr. Howley alleges that Bankers breached the common law duty of good faith and fair dealing because it had no reasonable basis for denying the full benefits of his roof claim. Pl.'s Am. Compl. ¶ 41. Specifically, he alleges that Bankers "orchestrated the investigation of his claim in a manner calculated to construct a pretextual basis for denial or underpayment" of the claim. *Id.* ¶ 42. Bankers contends that Mr. Howley has not alleged any specific facts showing how it breached its duty of good faith "once liability became reasonably clear," and thus, his claim should be dismissed. Def.'s Br. 11. Additionally, it contends that Mr. Howley "provides only conclusory statements" of the legal standard without any factual support. *Id.* The court agrees.

Under Texas law, a cause of action for breach of the duty of good faith and fair dealing exists when an insurer has no reasonable basis for denying or delaying payment of a claim, or when an insurer fails to determine, or delays in determining, whether there is any reasonable basis for denial. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). To prevail on such a claim, the insured must set forth allegations to demonstrate the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment. *Id.*

Upon review of the Amended Complaint, the court determines that Mr. Howley has failed to plead sufficient facts to support his breach of the duty of good faith claim. While it is true that Texas law has imposed a duty on the insurer to act in good faith and deal fairly with the insured, "there is no duty beyond the contract itself." *Higginbotham*, 103 F.3d at 460. In other words, absent

a breach of the Policy in this case, there is no violation of the insurer's duty to act in good faith and deal fairly with the insured. *See id*. Accordingly, Mr. Howley's failed breach of contract claim defeats this claim, as he has alleged no facts beyond Bankers' alleged breach of contract. Moreover, Mr. Howley's allegations are conclusory at best.

Additionally, while it unclear as to whether this cause of action is premised in contract or tort law based on Plaintiff's inartful pleading, "if a defendant's conduct is actionable only because it breaches the parties' agreement, the claim is solely contractual in nature." *Higginbotham*, 103 F.3d at 460. Without more, the court cannot determine whether Mr. Howley is attempting to plead this claim in contract or tort law.

To the extent Mr. Howley alleges extra-contractual conduct by Bankers, he fails to plead sufficient facts supporting his claim. Instead, his claim appears to be rooted in his disagreement with Bankers' ultimate decision on the claim, which is insufficient to satisfy the elements of a breach of common law duty of good faith claim. The court, therefore, determines that Plaintiff failed to plead sufficient allegations supporting his breach of common law duty and good faith claim and, accordingly, it will grant Defendant's Motion to Dismiss on this claim.

### D. Breach of the Prompt Payment of Claims Act

Mr. Howley contends that Bankers breached the Prompt Payment of Claims Act ("PPCA") by failing to notify him "in writing of the acceptance or rejection of his claim." Pl.'s Am. Compl. ¶¶ 45-46. Mr. Howley further alleges that as a result of Banker's breach of the PPCA, he is entitled to $220,628.92 in damages, which is the entire cost to restore his home with an additional 10% penalty interest. *Id.* ¶ 47. Bankers asserts, however, that Mr. Howley again only pleads conclusory allegations and has not alleged facts showing how it "delayed payment beyond the time permitted

by law." Def.'s Br. 12. It also contends that he fails to allege any facts showing how it "failed to affirm or deny coverage within a reasonable time." *Id.*

Based on the pleadings, the court determines that Plaintiff has failed to provide sufficient factual allegations to support his claim for breach of the PPCA. Specifically, he has failed to identify any specific provision of the contract that would explicitly require Bankers to pay his claim, and does not offer any dates that would shed light on what day the claim was filed and subsequently rejected. Further, an insurer can only be liable under the PPCA when it has been "found liable for breach of contract." *Higginbotham*, 103 F.3d at 461. Mr. Howley's allegations fail to establish that Bankers is liable for a claim under the Policy, as he has failed to direct the court to any contractual provision, or any conduct beyond a contractual breach, that would impose liability. *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 518 (5th Cir. 2015). His allegations are, once again, entirely conclusory.

Additionally, as Mr. Howley has failed to plead successfully a breach of contract claim, this same deficiency will preclude him in successfully pleading a breach of the PPCA. *Id.* Accordingly, Mr. Howley has failed to plead sufficient facts supporting his claim for violations of the PPCA, and the court, therefore, will grant Defendant's Motion to Dismiss regarding this claim.

E.   **Breach of Express or Implied Warranty**

Mr. Howley asserts that Bankers made "express or implied warranties" that "hail and windstorm claims will be paid in full," and "that claims will be processed promptly." Pl.'s Am. Compl. ¶ 51. Mr. Howley also contends that he relied on the express or implied warranties because the representations "became part of the basis of the bargain." *Id.* ¶ 52. Bankers argues that Mr. Howley has failed to plead sufficiently the alleged misrepresentations that form the basis of this cause of action. Def.'s Br. 13. The court agrees.

To plead sufficiently a breach of an express warranty claim, Mr. Howley must set forth allegations that demonstrate:

> (1) an affirmation or promise made by the seller to the buyer; (2) that such affirmation or promise was part of the basis for the bargain, (e.g. that the buyer relied on such affirmation or promise in making the purchase;) (3) that the goods failed to comply with the affirmation or promise; (4) that there was financial injury; and (5) that the failure to comply was the proximate cause of the financial injury to the buyer.

*Lindemann v. Eli Lilly & Co.*, 816 F.2d 199, 202 (5th Cir. 1987) (citation omitted).

Here, Mr. Howley has failed to plead sufficiently the existence of any express warranty. As the Fifth Circuit explained in *Brooks, Tarlton, Gilbert, Douglas & Kressler v. U.S. Fire Ins. Co.*, there is a difference "between promises [that] are merely terms of the contract and promises [that] rise to the level of warranties." 832 F.2d 1358, 1375 (5th Cir.1987); *Beauty Mfg. Sols. Corp. v. Ashland, Inc.*, 848 F. Supp. 2d 663, 671 (N.D. Tex. 2012). Mr. Howley has not directed the court to any provision of the contract or any separate warranty created by Bankers by which it was bound. Without more, Mr. Howley has failed to plead sufficiently the existence of an express warranty, and, thus, the court cannot reasonably infer that one exists.

Moreover, while Texas has recognized the existence of an implied warranty that accompanies a contract for the repair or modification of goods or property, Plaintiff's pleadings offer no clarity as to whether he is asserting a claim for breach of an implied warranty of merchantability, or a claim for breach of an implied warranty of fitness for a particular purpose. *See* Tex. Bus. & Com. Code §§ 2.314-2.315. The Supreme Court of Texas has, at times, recognized implied warranties for services that relate to the repair of tangible goods or property. *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 294 (5th Cir. 2016) (citing *Rocky Mountain Helicopters, Inc. v. Lubbock Cty. Hosp. Dist.*, 987 S.W.2d 50, 52-53 (Tex.1998)). It has also clarified that public policy does not justify imposing an implied warranty for service transactions if there is no

compelling need and other adequate remedies are available. *Id.* Mr. Howley has failed to plead sufficiently a compelling need for the court to impose an implied warranty based on the facts alleged in his Amended Complaint. Consequently, the court determines that his claim for breach of express or implied warranty does not withstand Defendant's Motion to Dismiss. The court, therefore, will grant Defendant's Motion to Dismiss as it relates to Plaintiff's claim for breach of express or implied warranty.

### F.     Fraud

Plaintiff alleges that he was "duped" into purchasing the Policy because Bankers failed to disclose that "it will never pay claims absent a lawsuit," and that Bankers also failed to disclose this material fact with the intent to induce him into purchasing insurance. Pl.'s Am. Compl. ¶ 55. Bankers counters Mr. Howley's allegations by highlighting that his pleading fails to allege facts showing that it knew that any alleged misrepresentations were false. Def.'s Br. 13. Defendant also contends that Mr. Howley does not allege sufficient facts showing that it intended him to act and rely upon its alleged misrepresentations, and that he failed to plead sufficient facts for his fraud claim with the particularity required by Rule 9(b). Def.'s Br. 13.

> Under Texas Law, the elements of fraud are:
>
> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 406 (5th Cir. 2007) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)). To satisfy Rule 9(b)'s pleading requirements, Mr. Howley must "specify the statements contended to be fraudulent, identify the speaker, state when

and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004).

Based upon the allegations in Plaintiff's Amended Complaint, Mr. Howley has once again failed to plead allegations with particularity in support of his fraud claim. First, his Amended Complaint fails to meet the heightened pleading requirements of Rule 9(b), as he does not identify any specific statements, written or oral, made by Bankers, or on behalf of Bankers, that would sufficiently form the basis for a fraud claim. The Fifth Circuit has noted that "the who, what, when, and where must be laid out before access to the discovery process is granted," and, simply put, Plaintiff's Amended Complaint does not provide any of this required factual information. *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002). Instead, Plaintiff makes a conclusory allegation that he was "duped." Pl.'s Am. Compl. ¶ 55.

Additionally, even assuming that Mr. Howley could set forth the factual basis to adequately plead that Bankers intended for him to rely on their misrepresentation, the allegations in his Amended Complaint still fall short. Plaintiff's pleadings fail to allege facts showing that Defendant knew that any alleged misrepresentations were false. Further, Mr. Howley has not identified which specific facts, if any, would allow this court to reasonably infer the basis of Bankers' alleged intent to induce him to act on their misrepresentations. In sum, the allegations of fraud in Plaintiff's Amended Complaint are vague and fail to meet the heightened pleading requirements of Rule 9(b). Accordingly, the court will grant Defendant's Motion to Dismiss as it relates to the fraud claim.

## IV.  Amendment of Pleadings

Mr. Howley did not respond to Defendant's Motion to Dismiss and, thus, did not request to amend his pleadings in the event the court determined that he failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should

freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Based upon the applicable legal standard, the court determines that Plaintiff should not be permitted to replead his claims. Mr. Howley's Amended Complaint, which is nearly identical to his state court petition (Doc. 1-2), does not offer any clarity or expansion regarding the claims he brings before the court. Although Plaintiff amended his complaint, he did not respond to Defendant's Motion to Dismiss. For these reasons, the court determines that Plaintiff has stated his best case and determines that any further attempts at amendment would be futile and needlessly delay resolution of this action. *Schiller*, 342 F.3d at 567 (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). Moreover, as Plaintiff has not requested that this court allow amendment of his pleadings, he cannot expect such dispensation on appeal. Accordingly, the court will not allow any further amendment of Plaintiff's pleadings.

## V.     Conclusion

For the reasons herein stated, the court determines that Plaintiff has failed to plead sufficient allegations to support his claims for: (1) breach of contract; (2) unfair or deceptive acts or trade practices; (3) breach of common law duty of good faith and fair dealing; (4) breach of the

PPCA; (5) breach of express or implied warranty; and (6) fraud. Thus, he has failed to state a claim upon which relief can be granted for each cause of action alleged against Defendant. Accordingly, the court **grants** Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 7), and **dismisses with prejudice** this action. The court, as required by Federal Rule of Civil Procedure 58, will issue a judgment by separate document in favor of Defendant.

**It is so ordered** this 14th day of August, 2020.

Sam A. Lindsay
United States District Judge