IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | |
|---|---|
| CHARLES HOWLEY § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO.: 3:19-CV-2477-L |
| BANKERS STANDARD § | |
| INSURANCE COMPANY § | |
| § | |
| Defendant. § | |

**BANKERS STANDARD INSURANCE COMPANY'S
MOTION FOR LEAVE TO FILE A SURREPLY**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, Bankers Standard Insurance Company ("Bankers Standard"), files this Motion for Leave to File a Surreply would show the Court:

1. On August 14, 2020, this Court entered its Memorandum Opinion and Order [ECF 12] and Final Judgment [ECF 13] and dismissing Plaintiff's First Amended Complaint.

2. On August 18, 2020, Plaintiff filed his Motion to Alter or Amend Judgment [ECF. 15] and Brief in Support [ECF 16], requesting the Court reconsider its order dismissing this case and judgment that Plaintiff take nothing. Plaintiff did not plead the standard to Alter or Amend Judgment under Rule 59(e) nor plead and grounds for relief under that rule. Nor did Plaintiff address this Court's clear statement that Rule 59(e) "may not be used to relitigate issues that were resolved to [Plaintiff's] satisfaction." [ECF 19] ¶ 5.

3. After Bankers Standard pointed out Plaintiff's failure to plead or satisfy the standard for relief under Rule 59(e), Plaintiff switched tactics and filed a Motion for Leave to File

a Second Amended Complaint [ECF 23]. In this Motion for Leave, Plaintiff addressed Bankers Standard's Response to his prior motion only to the extent Bankers Standard pointed out that Plaintiff still had not pled the facts supporting its claim. Plaintiff did not address his failure to satisfy the grounds for relief under Rule 59(e), explain his errors of law or fact, or present any additional facts that could not have been obtained prior to dismissal.

4. Plaintiff's Motion for Leave, which was not even three pages long, did not plead the factors bearing on the Court's decision to grant leave or any facts that would weigh in favor of granting leave to amend at this late stage in the proceeding; Plaintiff pled only that "leave to amend should be freely given when justice so requires." [ECF 23] at 8. Once again Bankers Standard pointed out that Plaintiff pled the incorrect standard for relief. [ECF 27] at 7. In response, Plaintiff filed his Reply [ECF 28] in which he raises two new arguments. First, Plaintiff argues that that a motion for leave to amend after judgment should be treated the same as a motion for leave to amend prior to judgment. Second, Plaintiff pleads, for the first time, the factors bearing on whether to grant leave and argues that his late request satisfies those factors. Because Plaintiff's Reply, twice the length of the Motion and longer than Bankers Standard's Response, raises these new grounds, Bankers Standard seeks leave to file a surreply for the limited purpose of addressing Plaintiff's new arguments and correcting Plaintiff's misleading statements regarding the Fifth Circuit's analysis in *Rosenzweig v. Azurix Corp*.[1]

5. Alternatively, Bankers Standard requests the Court strike Plaintiff's Reply [ECF 28]. "The scope of a reply must be limited to addressing arguments raised by the response." *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 729 n.3 (S.D. Tex. 2010); *AAR, Inc.*

---

[1] A copy of Bankers Standard's proposed Surreply in Opposition to Plaintiff's Motion for Leave is attached hereto as Exhibit A.

*v. Nunez*, 408 Fed. App'x 828, 830 (5th Cir. 2011) ("Generally, and for obvious reasons, a reply brief is limited to addressing matters presented by appellant's opening brief and by appellee's response brief, and "is not the appropriate vehicle for presenting new arguments or legal theories to the court."). Bankers Standard's Response, only four pages long, addresses one topic – Plaintiff's failure to identify the Rule 59 or 60 factors that govern his Motion. Plaintiff spends less than half a page of his six page Reply addressing Bankers Standards Response. *See* Reply [ECF 28] ¶¶ 12-13. Plaintiff spends the rest of his Reply raising new arguments that should have been addressed in his Motion. *See id*. ¶¶ 14-24. Bankers Standard therefore requests the Court strike Plaintiff's Reply because it is an improper attempt to present new arguments and legal theories.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Bankers Standard Insurance Company, Inc. respectfully requests the Court grant leave to file the attached Surreply in Opposition to Plaintiff's Motion for Leave or, in the alternative, strike Plaintiff's Reply [ECF 28].

Respectfully submitted,

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
Email: jennifer.martin@wilsonelser.com
**TIMOTHY P. DELABAR**
Texas State Bar No. 24116273
Email: timothy.delabar@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101

**ATTORNEYS FOR BANKERS STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on the **21st** day of **October**, **2020.**

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**